Dear Mr. Moseley:
This letter is in response to your questions asking:
 1. Under the provisions of Section 115.123 R.S.Mo, and Columbia City Charter, Section 137, could the City Council call an election date other than those set forth in Section 115.123 R.S.Mo.? In other words, does City Charter, Section 137, set forth an election date sufficient to meet Section 115.123's requirement of ` . . . as otherwise expressly provided by city or county charter'?
 2. Could such an election be held October 7, 1980 in conjunction with or on the school levy election date?
It is our understanding that you refer to a recall petition which concerns the mayor of the city of Columbia, whose term we are advised ends on April 8, 1981. We have no other information regarding the sufficiency or filing of the petition, and we address ourselves only to the question presented with respect to an interpretation of § 115.123, as amended by Senate Bill No. 734, 80th General Assembly, presently effective.
Section 115.123, RSMo, provides:
 1. All public elections shall be held on Tuesday. Except bond elections necessitated by fire, vandalism or natural disaster, except elections for which ownership of real property is required by law for voting, except special elections to fill vacancies and to decide tie votes or election contests, and except as otherwise expressly provided by city or county charter, all public elections shall be held on the general election day, the primary election day, the municipal primary day, municipal general election day, the first Tuesday after the first Monday in February or March, April, June, August, or November or with an election on another day expressly provided by city or county charter. The election authority of each county shall make the selection of either the February or March election date, but not both dates for the same political subdivision or special district. After January 1, 1978, no city or county shall adopt a charter or charter amendment which calls an election on any day other than the February or March, April, June, August, or November election days specified in this section.
 2. Notwithstanding the provisions of subsection 1 of this section, school districts may hold special levy elections on the first Tuesday after the first Monday in October.
Section 137 of the Columbia City Charter provides:
 When a sufficient petition has been filed, the city clerk shall submit the same to the council without delay, and the council shall fix a date for holding the election, not less than thirty nor more than forty-five days thereafter. If such office becomes vacant prior to the election, such election shall be cancelled, and the vacancy shall be provided in Section 9 of this charter.
Section 140 of the Charter of the City of Columbia provides:
 No officer shall be subject to recall within six months after his induction into office, nor during the last six months of his term. If he is retained in office by any recall election, he shall not be subject to recall within a period of six months thereafter.
We assume such charter provisions were adopted prior to January 1, 1978.
It is obvious from the provisions that we have that such charter does not set a specific day for such a recall election.
We believe that it is arguable that the city charter provisions, which do not set an express day but require the city council to set a day for the recall election within a certain time frame, would come within the provisions of § 115.123, relating to an election on another day expressly provided for by city charter. However, it is our view that the provisions of that section are sufficiently clear to require a contrary conclusion from this office. That is, § 115.123 allows the setting of an election on another day expressly provided by city charter prior to January 1, 1978. Even assuming that the charter provision was in effect before January 1, 1978, it appears that the statutory provision can only be reasonably interpreted to mean that such a charter provision would have to refer to the precise date on which the election is to be held, and that if the charter did not refer to an express day for the election to be held, it would have to be held on one of the days provided for such elections under § 115.123. If because of the date on which the petition is presented the election cannot be held on a day consistent with the requirements of the charter and of § 115.123, such election cannot be held.
In answer to your second question it is clear that the October election only refers to school district special levy elections.
Finally, we note that § 19(a) of Art. VI of the Missouri Constitution, which authorizes a city to adopt a charter for its own government, provides that such a city shall have all powers which the General Assembly of the State of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Thus, there is no doubt that the legislature may constitutionally deny or limit the powers of a charter city.
We are aware that this interpretation may, in some instances, severely limit the recall authority given by such city charter. We regret that we must reach this result. However, it seems obvious from the provisions of § 115.123 that such a result would follow without question insofar as such charter provisions are concerned which might be adopted after January 1, 1978. Such a sweeping prohibition indicates in our view that the legislature was not concerned with the fact that it prohibits charter cities from adopting election days after January 1, 1978, which are contrary to those provided in the statute. It seems to follow that there would be no justification for giving the provisions in question of § 115.123 a broad interpretation which would be seemingly contrary to the express language, which we have noted, merely in order to reach a conclusion which would preserve such charter powers in their entirety.
Very truly yours,
 JOHN ASHCROFT Attorney General